## Lysinger Estate

*Davis and Cirillo and William C. Cahall, 2d,* for petitioner.

*Brunner and Conver,* for respondent.

*Robert Trucksess,* for remaindermen.

TAXIS, P. J., July 9, 1964.—Petitioner is the income beneficiary under the testamentary trusts of both his

father and his mother and seeks to compel an invasion of principal for his benefit. Under both trusts, Montgomery County Bank and Trust Company is surviving trustee. The trust provisions out of which the present controversy arises are identical and provide as follows:

"To pay the net income from the remaining share thereof, together with so much of principal as may, in the sole discretion of the trustees, be necessary for his comfortable maintenance and support, to my son, W. Ormsby Lysinger, for and during the term of his natural life. Upon the death of my son, W. Ormsby Lysinger, Trustees shall expend and apply so much of the accumulated income and principal of the trust as may be necessary to pay the expenses of the last illness, for a grave marker, and for the funeral of my son, W. Ormsby Lysinger, and distribute the balance thereof, if any, to his issue, then living, if any per stirpes; and in the event there are no such issue of my son then living, Trustee shall add the principal of the trust to the trust hereinbefore created for my daughter, Deborah L. Williams."

It is noted that both wills, here in question, contain spendthrift clauses as to all shares of principal and income given under the wills.

Petitioner is 52 years of age, is married, but has no children. Deborah L. Williams, sister of petitioner, has died and is survived by two children, both of whom, as remaindermen under the trust for Deborah L. Williams, object to the petition for invasion of principal. Petitioner requested of the trustee payment out of principal for certain items which he desires to purchase and the trustee refused to accede to his wishes. As a result of the refusal, the present proceeding was instituted.

It is clear from the language of the wills that any invasion of principal is in the sole discretion of the trustee. The law is well settled that where discretion

is conferred upon a trustee with respect to the exercise of the power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion: Geron v. Kennedy, 381 Pa. 97. The court cannot substitute its discretion for that of the trustee except where actions clearly outside the scope of their discretion have occurred: Horter's Estate, 80 Montg. 174. Furthermore, the burden of proof is on petitioner to demonstrate an abuse of discretion: Bailey's Estate, 208 Pa. 594.

Petitioner first contends that the trustee has abused its discretion in that it has considered petitioner's earned net income of $100 per week. Counsel for petitioner cites four cases to support the proposition that the earned income of petitioner is absolutely immaterial. These cases the court finds inapposite.

In Ziegler's Estate, 4 D. & C. 51, the court concluded that the testator directed that his daughter be supported and maintained out of the trust fund there in question, *intending* that the trustee decline to consider whether she is otherwise suitably provided for.

In Short Trust, 6 D. & C. 2d 444, the life beneficiary was testatrix' husband who was 86 years of age at testatrix' death. The alternate fund was, therefore, clearly not earned income. The court there found that testatrix not only positively authorized, but *required* that the trust fund be expended for the proper care, maintenance and support of her husband. Likewise in Swoyer Estate, 12 D. & C. 2d 599, the court found that it was the husband's estate *under the terms of his will* which was responsible for the support of his widow, not the widow's personal estate.

In Richey's Estate, 251 Pa. 324, the question was whether a life beneficiary wife, who had power to invade principal *as she might find necessary*, had in fact invaded principal or whether monies she had spent were taken from her own funds. The court merely held

that the presumption is that she would take from the trust fund rather than her own funds.

The testator's intent is, therefore, always the controlling factor: Duffy Estate, 6 D. & C. 2d 80. In Duffy Estate, the life beneficiaires contended that the trustee had no right to deduct income from sources outside the trust from the amount required for living expenses. As held by the court in that case, such a rule of law applies only where the testator clearly and unequivocally has demonstrated an intention that the beneficiary is to look to the estate for complete care and maintenance: Duffy Estate, supra, at 83.

There is nothing in the wills in question to indicate an intention that the beneficiary is to look to the estates for complete care and maintenance. Furthermore, such an interpretation must be rejected in the light of the relatively small corpus, the relatively long life expectancy of the beneficiary as of the time of his parents' deaths, the fact that provision was made for last illness, grave marker and funeral, the fact that a trust rather than an outright gift was provided for, the fact that both parents inserted spendthrift clauses in their wills, and the fact that petitioner had apparently worked regularly while his parents were alive and paid his own expenses other than the bare essential living expenses.

The court finds, therefore, that petitioner's parents did not contemplate that petitioner is to look to the estates for complete care and maintenance. Accordingly, petitioner's earned income was properly considered by the trustee in refusing petitioner's request for additional living expenses.

Petitioner further contends that even if it is proper for the trustee to consider his earned income, he is nevertheless not being maintained and supported comfortably as contemplated by his parents. Petitioner's nephew admits that petitioner's standard of living has,

without a doubt, slumped. The record demonstrates that petitioner's standard of living prior to the death of his parents would require that the household in which he lives should contain the conveniences which he requests. Accordingly, his request for invasion of principal for the clothes washer, dish washer, and clothes dryer, should be granted.

The record demonstrates, however, that petitioner has more money at his disposal at present than at the time prior to his parents' deaths. Whereas he then had $50 to $100 per week without household expenses, he now has approximately $80 per week in excess of household expenses. Furthermore, he has had the benefit over a period of six years of principal payments in excess of $6,000, chiefly for medical expenses, which the trustee made in the proper exercise of its discretion. The record demonstrates, therefore, that petitioner is able, by properly budgeting his resources, to provide himself from time to time with automobiles appropriate to the standard of life to which he has been accustomed. Accordingly, the court finds that the trustee did not abuse its discretion in refusing to provide petitioner with principal to purchase an automobile.

And now, July 9, 1964, it is ordered that the trustee pay petitioner out of principal the sum of $1,400 for the purchase and installation of a dish washer, a clothes washer, and a clothes dryer, this order to become final unless exceptions hereto are filed within 10 days of the date hereof.